UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No.: 1:19-cr-00388-LCB- |
| ) | GMB-10 |
| CHRISTOPHER LANE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Defendant Christopher Lane's Motion to Withdraw Plea of Guilty (Doc. 514) and Amended Motion to Withdraw Plea of Guilty. (Doc. 521). After reviewing the motions and Lane's testimony on his motions, the motions are **DENIED**.

### BACKGROUND

Lane is charged with three counts of various felony drug offenses under 21 U.S.C. §§ 841 and 846. (*See* Doc. 50). He pleaded guilty to these counts on September 21, 2021. (Doc. 440). Lane was represented by Roderick Walls at that proceeding. Before accepting the plea, the Court conducted an extensive colloquy with Lane. In that line of questioning, Lane represented to the Court that he: had an opportunity to fully and thoroughly discuss the charges he pled to, the government's case against him, and the plea offer itself; did not wish to discuss anything further with his attorney; was fully satisfied with the representation his counsel provided;

read and reviewed the guilty plea advice of rights certification; read the plea agreement carefully and understood all things presented in it; reviewed every page of the plea agreement; understood the waiver of certain rights by entering into the plea agreement; understood he was pleading guilty to Counts 1, 9, and 11 of the indictment; understood the prosecutor's review of the offenses he pled to and the minimum and maximum penalties applicable to those offenses; and spoke with his counsel about the advisory Sentencing Commission guidelines and how they might apply to his case. (Doc. 524 at 8-19). Additionally, the prosecutor detailed at length the charges against Lane, the elements of those charges, and the evidence the government would have brought against Lane at trial. *Id.* at 21-23. Lane then represented to the Court that he had reviewed the facts the government would have proven at trial against him and agreed they were a true and accurate description of his conduct. *Id.* at 23-25. Finally, Lane represented to the Court that no one had forced, threatened or coerced him to enter a plea of guilty and that he entered into the plea of guilty because he is guilty and for no other reason. *Id.* at 25.

Donald L. Colee, Jr. entered a notice of appearance on behalf of Lane on December 31, 2021. (Doc. 500). Roderick Walls moved to withdraw as Lane's attorney on January 4, 2022. (Doc. 502). On February 7, 2022, Lane filed a motion to withdraw his guilty plea *pro se*. (Doc. 514). Ten days later, on February 17, 2022, Lane filed an amended motion to withdraw his guilty plea through his counsel. (Doc.

521). In support of his guilty plea withdrawal, Lane testified that he had only met with his attorney a handful of times, his attorney failed to allow him to review the evidence against him, and that his attorney never explained the sentencing guidelines or the specifics of the sentence we face because of his guilty plea. (Docs. 514 & 520). Lane asserts that he was not given adequate time to review his plea agreement and did not know he was pleading guilty to two of the three charges against him. *Id*. Ultimately, Lane argues that his attorney forced him to plead guilty, did not speak with him about what he pleading to, and Lane trusted his attorney's advice.

## DISCUSSION

Under Rule 32(d) of the Federal Rules of Criminal Procedure, the court can accept the withdrawal of a defendant's guilty plea "for any fair and just reason." However, a defendant does not have an "absolute right to withdraw a guilty plea before sentencing." *United States v. McCarty*, 99 F.3d 383, 386 (11th Cir. 1996) (per curiam) (citing *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)). When determining whether to allow a guilty plea withdrawal, the court can consider the "totality of the circumstances surrounding the plea." *Buckles*, 843 F.2d at 471. The following factors aid the court when evaluating a motion to withdraw a guilty plea: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to

withdraw his plea." *Id.* at 472 (internal citations omitted). The court can weight a defendant's credibility when evaluating his motion to withdraw his guilty plea. *Id.* (citing *United States v. Becklean*, 598 F.2d 1122, 1126 (8th Cir. 1979)).

Considering the totality of the circumstances, Lane has not established a fair and just reason for the withdrawal of his guilty plea. The crux of his argument is that his attorney met infrequently with him, did not explain the potential sentence for pleading guilty, did not explain what charges he would plead guilty to, and did not allow him to review the plea agreement he entered into. But his clear and unequivocal answers during the change of plea colloquy belie this argument. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption of truth that the statements made during the colloquy are true."). During the proceeding, Lane testified he had an adequate amount of time to spend with his attorney to discuss the charges and he did not have an issue with Mr. Walls's representation. Lane also stated that no one had coerced him into entering into a plea agreement. Even if Lane felt pressured by his attorney in the hearing, an attorney telling his client to plead guilty generally is not coercion. *See Buckles*, 843 F.2d at 472 ("A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty.").

Further, Lane's plea agreement and testimony at the change of plea hearing demonstrate that he entered the guilty plea knowingly and voluntarily. Lane signed

and initialed every page of the plea agreement. (Doc. 443). He also signed a section of the plea agreement that conveyed his signature was an acknowledgment that he was entering into the plea deal knowingly and voluntarily. *Id.* at 26. Ultimately, and simply, Lane's testimony that he did not have sufficient time to read his plea agreement and was unaware of the charges he was pleading to is clearly contradicted by his own prior testimony at the plea hearing and the evidence in the record. The Court finds that his testimony in support of his motion was not credible. Accordingly, the Court disbelieves his testimony.

## CONCLUSION

Considering the totality of the circumstances, the Court finds Lane has not met his burden of showing there is a fair and just reason to withdraw his guilty plea. *See McCarty*, 99 F.3d at 385. Therefore, Lanes' motion to withdraw his guilty plea (Doc. 514) and his amended motion to withdraw his guilty plea (Doc. 521) are **DENIED**.

**DONE** and **ORDERED** this March 28, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE